IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-218-BO

| | |
|---|---|
| JOHN L. GANNON, Ph.D., and <br> DIRECTIONS EDUCATIONAL <br> SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL ASSOCIATION FOR <br> CORRECTIONAL AND FORESNIC <br> PSYCHOLOGY, <br><br> Defendant. | ORDER |

This cause comes before the Court on plaintiffs' motion to remand and defendant's motion to dismiss. The appropriate responses and replies have been filed, and a hearing was held before the undersigned on April 18, 2018, at Raleigh, North Carolina. In this posture, the matters are ripe for ruling and, for the reasons that follow, plaintiffs' motion to remand is GRANTED.

BACKGROUND

Plaintiff Directions Educational Services (DES) filed this action in New Hanover County, North Carolina Superior Court alleging state law claims of, *inter alia*, breach of contract, breach of implied covenant of good faith and fair dealing, fraud, negligent misrepresentation, and tortious interference with contract, against defendant International Association for Correctional and Forensic Psychology (IACFP) and The Moss Group, Inc. On October 16, 2017, DES and plaintiff Gannon filed an amended complaint in New Hanover County Superior Court against IACFP alone, again alleging state law contract and fraud claims. In Gannon's first claim for relief, he seeks a declaratory judgment under N.C. Gen Stat. § 1-253 that, during his tenure as executive director,

IACFP misclassified him under state and federal law as an independent contractor and that instead he should have been classified as an employee. Gannon alleges that this misclassification negatively impacted him by causing him unnecessarily increased tax liability, denying him social security contributions that should have been made for his benefit, and disqualifying him for unemployment benefits. Gannon also alleges a claim for negligent misclassification, in which he contends that IACFP negligently misclassified him as an independent contract as opposed to an employee in violation of its legal duty under state and federal law to maintain its employment records and to properly classify individuals' employment status.

IACFP removed plaintiffs' amended complaint to this Court on the basis of its federal question jurisdiction. 28 U.S.C. § 1331; 1441.[1] In the notice of removal, IACFP contends that a federal question exists on the face of plaintiffs' complaint as plaintiff Gannon seeks a declaratory judgment that he was an employee under federal law and has alleged that IACFP was negligent under federal law when it failed to classify Gannon as an employee. Following removal, IACFP filed a motion to dismiss all of plaintiffs' claims with the exception of DES's claim for breach of contract. Plaintiffs then moved to remand this matter to state court, arguing that no claims in this case arise under federal law and that removal was thus improper.

## DISCUSSION

The Court considers first plaintiffs' motion to remand. Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district

---

[1] IACFP does not contend that this Court has diversity jurisdiction over plaintiffs' claims. 28 U.S.C. § 1332.

court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, whether the district courts have federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). While the law that creates a cause of action will almost always determine whether the claim arises under federal or state law, *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986), in a small number of cases a federal court will possess jurisdiction over a state law cause of action where the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) ("federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.").

One of the plaintiffs, Gannon, makes reference to federal law in two of the thirteen claims that have been alleged by plaintiffs against IACFP; plaintiffs have alleged no specific federal statute which they contend that IACFP has violated. The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. Rather, "[a] plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution

of a federal issue." *Dixon*, 369 F.3d at 816; *see also Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 182 (4th Cir. 2014); *Mulcahey*, 29 F.3d at 153.

Here, plaintiffs' declaratory judgment and negligent misclassification claims may prevail on a finding that IACFP misclassified Gannon's employment status *only* in violation of state law. *See, e.g., Hayes v. Bd. of Trustees of Elon Coll.*, 224 N.C. 11, 15 (1944) (discussing factors to be considered in determining whether individual is employee or independent contractor under North Carolina law). Thus, plaintiffs' reference to IACFP's noncompliance with federal law as one theory of liability is insufficient to raise a substantial issue of federal law. Moreover, plaintiffs' suit is fairly characterized as one which seeks to enforce state contract and tort law, not one which seeks to enforce any federal statute. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1568 (2016) (federal question jurisdiction not present where plaintiff alleges for atmospheric reasons that defendant's conduct breached federal law). IACFP has failed to demonstrate that a substantial federal question exists, and jurisdiction in this Court is therefore not proper.

The Court next considers plaintiffs' request for attorneys' fees and costs related to the filing of the instant motion. Under 28 U.S.C. § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court has broad discretion to determine whether an award of fees shall be ordered on remand, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005), and "attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. Such a rule accounts for "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," but the Court maintains "discretion to

consider whether unusual circumstances warrant a departure from the [objectively reasonable basis] rule in a given case." *Id.* at 140-41.

The Court finds that defendant had an objectively reasonable basis for removal and in its discretion declines to award attorneys' fees to plaintiffs.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand [DE 14] is GRANTED but an award of attorneys' fees is DENIED. In light of its finding that remand is appropriate, the Court declines to consider the pending motion to dismiss. [DE 11]. The clerk is DIRECTED to REMAND this matter to New Hanover County Superior Court.

SO ORDERED, this __3__ day of May, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE